```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ELGIN R. ROBINSON, JR.,**

                **Petitioner,**

      v.                                          CASE NO. 19-3071-SAC

**ROGER WERHOLTZ,**

                **Respondent.**

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to stay the proceedings or, in the alternative, to dismiss this action without prejudice so that Petitioner can refile after the conclusion of his related state-court proceedings. (Doc. 6.) For the reasons set forth below, the Court will deny the motion to stay and dismiss this action without prejudice.

Petitioner was convicted in Sedgwick County district court and was sentenced to life imprisonment without parole plus 247 months. *State v. Robinson*, 293 Kan. 1002, 1012 (2012) (*Robinson I*). He pursued a direct appeal and on March 2, 2012, the Kansas Supreme Court (KSC) affirmed his convictions and sentence. *Id.* at 1006.

On May 18, 2012, Petitioner filed in state district court a timely motion for habeas relief pursuant to K.S.A. 60-1507. *See Robinson v. State*, 2016 WL 1169381 (Kan. Ct. App. Mar. 25, 2016) (unpublished opinion) (*Robinson II*). The district court denied the motion and Petitioner pursued an appeal to the Kansas Court of Appeals (KCOA). In July 2015, while that appeal was pending,

Petitioner filed in state court a pro se motion to compel exculpatory evidence under K.S.A. 60-237. *State v. Robinson*, 309 Kan. 159 (2019) (*Robinson III*); see also Kansas Appellate Courts online case search (KACOCS), Case No. 116,650. The district court denied the motion to compel evidence in August 2015. *Id.*

On March 25, 2016, the KCOA affirmed the denial of Petitioner's 60-1507 motion. *Robinson II*, 2016 WL 1169381, at *1. In October 2016, Petitioner docketed in the KSC his appeal from the denial of his motion to compel evidence. KACOCS, Case No. 116,650; *see also* K.S.A. 22-3601(b). In June 2017, the KSC denied Petitioner's petition for review regarding his 60-1507 motion. *See Robinson II*, 2016 WL 1169381, at *1.

On September 20, 2017, Petitioner filed in state district court a second 60-1507 motion, which the district court denied on January 8, 2019. *See* KACOCS, Case No. 122,089. On January 11, 2019, the KSC affirmed the denial of Petitioner's motion to compel exculpatory discovery. *Robinson III*, 309 Kan. at 159.

On April 23, 2019, Petitioner filed in this Court the petition for habeas relief currently before the Court. (Doc. 1.) After conducting an initial review of the Petition, the Court directed Petitioner to provide a status report on his 60-1507 action pending in state court. (Doc. 4.) On November 1, 2019, Petitioner filed a status report advising the court that the pending state court action contained only claims not related to the claims in his federal habeas and was on appeal. (Doc. 5.) Petitioner filed his motion to docket appeal out of time in the KCOA on November 6, 2019. Kansas Appellate Courts online case search, Case No. 122,089.

On June 23, 2021, Petitioner filed in this Court a motion to

stay proceedings. (Doc. 6.) In that motion, Petitioner expresses concern that if he pursues the current § 2254 petition, it will foreclose his ability to later pursue habeas relief based on the grounds raised in the current state court proceedings. Petitioner is correct that under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Petitioner asks the Court to either stay these proceedings until the resolution of his pending state-court matter or "allow him to voluntarily withdraw this petition so that he may re-file a 22564 once the State Court has issued a final ruling on the pending matters." (Doc. 6, p. 2.) The KCOA considered Petitioner's appeal on its July 2021 docket. As of the date of this order, the KCOA has not issued an opinion in that matter.

A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The Court has considered Petitioner's arguments and declines to hold this matter in abeyance pending the conclusion of the current 60-1507 proceedings. Instead, the Court will deny the motion to stay and dismiss this matter without prejudice to refiling after the conclusion of the pending state-court proceedings.

The Court cautions Petitioner to remain aware of the time limitation for filing a federal habeas petition. Actions under § 2254 are subject to the one-year limitation period established by

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). The one-year limitation period generally runs from the day after the conviction becomes "final," as provided by § 2244(d)(1)(A). *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The statute also contains a tolling provision, which pauses the one-year time period during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In addition, the one-year limitation period is subject to equitable tolling and an actual innocence exception to the time limitation exists, but those apply only under certain circumstances. *See House v. Bell* 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

The KSC denied the petition for review in Petitioner's direct appeal on March 2, 2012. Petitioner did not request review by the United States Supreme Court, so the one-year federal habeas limitation period would have begun to run on approximately June 1, 2012.[1] However, as this Court has previously noted, because Petitioner filed his first 60-1507 motion on May 18, 2012, the one-year federal limitations period did not begin to run. See *Robinson v. Sauers*, Case No. 16-3247-SAC, Doc. 4.

The state-court proceedings on Petitioner's first 60-1507 motion concluded on June 2, 2017, when the KSC denied Petitioner's petition for review. At that point, the one-year federal habeas

---

[1] "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the [90 days] for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003); Sup. Ct. R. 13(1).

limitation period began to run and it ran until it was tolled on September 20, 2017, when Petitioner filed his second 60-1507 motion.[2] At that point, approximately 109 days of the year had expired, leaving 256 days remaining. When the state-court proceedings on Petitioner's second 60-1507 motion conclude, the one-year limitation period will resume and will expire approximately 256 days later.

**IT IS THEREFORE ORDERED** that Motion to Stay Proceedings (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 5th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[2] The Court assumes without deciding that Petitioner's motion to compel exculpatory evidence was not "properly filed" as that term is used in 28 U.S.C. § 2244(d)(2), so it did not toll the federal habeas limitation period.